**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10 CR 52-01**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **BERNARD EUGENE CARSON, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#19) filed in the above entitled cause on November 12, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleges that defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Charles Brewer, and the Government was present through Assistant United States Attorney, Mark Jones, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report.

The defendant was charged in a superseding bill of indictment filed on September 21, 2010 with being a felon in possession of a firearm and also possessing

a firearm which had the importers and manufactures serial number removed. A hearing was held in regard to the detention of defendant on September 27, 2010. On that date, the undersigned entered an order releasing defendant on a $25,000 unsecured bond. The terms and conditions of release required that defendant attend the CHAMP drug treatment program in Charlotte, NC. The undersigned further sets conditions of release which included the following:

> (1)   That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.
>
> (8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Defendant was taken to the CHAMP program on October 1, 2010. On October 21, 2010 the administrators of the CHAMP program tested the defendant for use of a controlled substance. The results of the test showed that defendant tested positive for use of marijuana. Government's Exhibit 1. On November 3, 2010 defendant was again tested and the results again showed that defendant tested positive for use of marijuana. Government's Exhibit 2.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

  (1) finds that there is----
   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any other condition of release; and
  (2) finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination of conditions of release.

 If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

 Based upon the evidence, the undersigned finds there is probable cause to believe the defendant committed a state crime while on release. Defendant possessed marijuana on two occasions so that he could consume that substance. That possession violated state law.

 There has been shown by clear and convincing evidence that defendant violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. The defendant has violated this condition by possessing marijuana and using that substance which is a substance which is not prescribed by a licensed

3

medical practitioner.

The undersigned has further considered the pretrial services report in this matter which shows that defendant has the following criminal record:

| Date | Place | Charge | Conviction |
|---|---|---|---|
| 5/19/07 | McDowell Co. | Felon possession with intent to sell and deliver marijuana | 7/26/07 |
| 1/2/08 | Burke Co. | No operators license | 12/9/08 |
| 1/5/09 | McDowell Co. | Driving while license revoked | 4/8/09 |
| 12/29/09 | Buncombe Co. | Possession of drug paraphernalia | 4/30/10 |

Due to the findings made above and considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions that would assure that defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** defendant be detained pending further proceedings in this matter.

Signed: November 24, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge